WR-71,296-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/15/2015 4:23:34 PM
Accepted 7/15/2015 4:38:19 PM
ABEL ACOSTA
CLERK

EX PARTE                          §         IN THE COURT OF
                                  §                 RECEIVED
                                  §                 COURT OF CRIMINAL APPEALS
                                  §         CRIMINAL APPEALS
                                  §                 7/15/2015
                                  §                 ABEL ACOSTA, CLERK
CLIFTON WILLIAMS                   §         AUSTIN, TEXAS

## MOTION FOR EMERGENCY STAY

A motion and an Amended Motion for an Emergency Stay were filed in the 114th Judicial District Court of Smith County, Texas on July 15, 2015. Copies are attached as Exhibit B and C to this Motion. It is Counsel's understanding that the trial court is not available to rule on the motions and has instructed the Smith County District Court to file the motions with the Court of Criminal Appeals.

## A. CASE HISTORY

Clifton Williams was convicted by a jury for the for the offense of capital murder in Smith County on October 13, 2006. The conviction was affirmed by the Court of Criminal Appeals on November 27. 2008. Williams v. State, 270 S.W.3d 112 (Tex. Crim. App. 2008). The first state writ of habeas corpus was denied without written opinion by the Court of Criminal Appeals. Ex parte Williams, No. WR-296-01, 2009 Tex. Crim. App. Unpub. LEXIS 206 (Tex. Crim. App. 2009).

The federal writ of habeas corpus was filed alleging eight issues. Each

claim was denied bvy the district court.  Williams v. Thaler, No. 1:09CV271, 2013 U.S. Dist. LEXIS 43187, EDTX March 26, 2013.  This was affirmed by the Court of Appeals.  Williams v. Thaler, 761 F. 3d 561 (5th Cir. 2014), cert. denied, __ U.S. __, 135 S. Ct. 1735, 1914 L. Ed. 2d 706 (April 6, 2015).

On June 11, 2015, the trial court entered an order setting the date of execution as July 16, 2015.  The petition seeking clemency was filed and was denied on July 14, 2015 by the Texas Board of Pardons and Paroles.

## B. REASON FOR STAY

On July 15, 2015, Counsel was notified by the Texas Attorney General's Office, Mr. Ed Williams and Ms. Fredericka Sargeant by phone that they received notice from the Texas Department of Public Safety which affects this case.  The letter from the Department of Public Safety, attached as Exhibit A and incorporated for all purposes, is dated June 30, 2015.  This is a general disclosure letter and provides no meaningful information as to what errors were made and specifically how they affect the analysis of this case.

During trial, Mr. James Nickels testified from the Department of Public Safety regarding the statistics and also Cassie Johnson testified from Orchid-Cellmark.  While it is believed that both witnesses used these incorrect FBI population database, what is not clear is what affect the errors by the FBI had on their analysis.  The letter from the Department of Public Safety states that

if requested in writing, the results will be recalculated.

This disclosure one day prior to the scheduled execution date raises serious issues as to proper notice and due process. The fact that this information was known to the Department of Public Safety and held for a period of time, then disclosed by the Attorney General's Office one day prior to execution denies Mr. Williams due process of law under the United States Constitution and due course of law under the Texas Constitution.

This disclosure the day before the scheduled execution date places counsel, the trial court, and this Court in an untenable position. The trial court did not participate in the trial of this case, and has no recollection of the testimony or other evidence. Counsel was appointed for purposes of a clemency petition.

The Texas Legislature has recently enacted SB 1071 which amends Article 43.141 requiring notice of the setting of an execution date to the last counsel and the Office of Capital Writs; and that an execution date cannot be set earlier than the 91st day following the entry of the order setting the execution date. That 90 day period allows counsel the opportunity to verify and rule out or urge these issues. The 90 day window was not used by the trial court in this case. While that statute does not take effect until September 1, 2015, it is clear the Legislature and Governor recognize the seriousness of these issues and the importance of due process of law.

## C. CONCLUSION

Mr. Williams seeks a stay of at least 60 days for counsel to be appointed pursuant to Article 11.071 of the Texas Code of Criminal Procedure to fully investigate this disclosure and any other remedy to which he might be entitled to at law.

Respectfully submitted,

Law Office of James W. Huggler, Jr.
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Tel: (903) 593-2400
Fax: (903) 593-3830

By:_James Huggler_____
    James W. Huggler, Jr.
    State Bar No. 00795437
    Attorney for Clifton Lamar Williams

## CERTIFICATE OF SERVICE

This is to certify that on the 15th of July, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office of Smith County, 100 North Broadway Ave., 4th Floor, Smith County Courthouse, Texas, Texas 75702, by hand delivery, fax, or electronic filing and on the Office of the Attorney General by electronic filing.

_/s/ James Huggler_____
James W. Huggler, Jr.

<u>CERTIFICATE OF CONFERENCE</u>

I certify that on July 15, 2015 I spoke with Assistant District Attorney Mike West who informed me that the Smith County District Attorney's Office opposes a stay being granted in this case.

_/s/ James Huggler_
James W. Huggler, Jr.